## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTOPHER S. BARRY,
    Appellant,

    v.

DEPARTMENT OF THE INTERIOR,
    Agency.

DOCKET NUMBER
DC-0752-14-0040-I-1

DATE: September 5, 2014

# THIS ORDER IS NONPRECEDENTIAL[*]

<u>Christopher S. Barry</u>, Huntingtown, Maryland, pro se.

<u>Mel S. Hutson</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed this involuntary resignation appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2       The appellant filed an appeal in which he alleged that he involuntarily resigned from his position as the Director of the agency's National Offshore Training and Learning Center because of a hostile work environment and discrimination based upon his sex, sexual orientation, and equal employment opportunity (EEO) activity.  Initial Appeal File (IAF), Tab 1.  The administrative judge subsequently informed the appellant of the elements and burdens of establishing jurisdiction over an involuntary resignation.  IAF, Tab 2 at 2-3.  Based solely on the appellant's initial appeal submission, which included the final agency decision (FAD) on the appellant's EEO complaint, IAF, Tab 1 at 10-28, the administrative judge determined that the appellant failed to establish jurisdiction over his appeal, IAF, Tab 10, Initial Decision (ID).  In his petition for review, the appellant reiterates that he had no choice but to resign, asserts that he complained of a hostile work environment months before any complaints were lodged about his own behavior, and further asserts that he was forced to work for the same individual against whom he had made a complaint.  Petition for Review File, Tab 1 at 3.  The agency did not respond.

¶3       The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant bears the burden of proving, by a preponderance of the evidence, that the Board has jurisdiction over his appeal.  5 C.F.R. § 1201.56(a)(2)(i).  An employee-initiated action, like the appellant's retirement here, is presumed to be voluntary, and thus outside the Board's jurisdiction, unless he presents sufficient evidence to establish that the action was obtained through duress or coercion or shows that a reasonable person would have been misled by the agency. *See Staats v. U.S.*

*Postal Service*, 99 F.3d 1120, 1123-24 (Fed. Cir. 1996); *Levy v. Department of Homeland Security*, 109 M.S.P.R. 444, ¶ 13 (2008). The appropriate test for determining the voluntariness of actions like the one at issue here, i.e., a resignation initiated by an employee in a situation where there has been no threat of an adverse action, is whether, under all of the circumstances, working conditions were made so difficult by the agency that a reasonable person in the appellant's position would have felt compelled to resign or retire. *See, e.g.*, *Markon v. Department of State*, 71 M.S.P.R. 574, 577 (1996). The touchstone of the "voluntariness" analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of freedom of choice. *Levy*, 109 M.S.P.R. 444, ¶ 13.

¶4        An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary resignation or retirement only if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985). To meet the nonfrivolous standard, an appellant need only plead allegations of fact that, if proven, could show jurisdiction. *Pariseau v. Department of the Air Force*, 113 M.S.P.R. 370, ¶ 14 (2010). When an appellant raises allegations of discrimination or reprisal in connection with an involuntariness claim, evidence of discrimination may be considered only in terms of the standard for voluntariness and not whether such evidence meets the test for proof of discrimination or reprisal established under Title VII. *Markon*, 71 M.S.P.R. at 578. Thus, evidence of discrimination or retaliation goes to the ultimate question of coercion, i.e., whether, under all of the circumstances, working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to resign or retire. *Id*.

¶5        In his appeal, the appellant alleged that: (1) he is a gay man; (2) he overheard management officials making disparaging remarks about gay people and he heard managers state that the training center was "run by a [expletive]"

and an "idiot;" (3) his supervisors falsely told him during a performance review that employees under his supervision had complained that he had created a hostile work environment and that, unless he voluntarily stepped down as Director, an investigation of those complaints would ensue; and (4) when he refused to step down, he was involuntarily reassigned to work under the direct supervision of one of the supervisors who provided him with the false information and was a subject of the appellant's EEO complaint. IAF, Tab 1. We find these allegations sufficient under the above-stated standards to satisfy the appellant's evidentiary burden and to garner him a jurisdictional hearing.

¶6 In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). Here, however, in making his determination, the administrative judge improperly weighed the evidence and considered that information to resolve the conflicting assertions of the parties. *See, e.g.*, *Rivera v. Department of the Navy*, 114 M.S.P.R. 52, ¶ 7 (2010). Specifically, the administrative judge considered the agency's response, as set forth in the FAD, and credited the appellant's supervisor's contentions that: (1) the agency investigated the appellant's claims despite his lack of cooperation in providing requested information; (2) the primary issue with the appellant was that he was "dismissive" and would not listen to their suggestions; and (3) the supervisor was not aware of any anti-gay bias from agency management. ID at 12-13.

¶7 We also disagree with the administrative judge's conclusion that the appellant failed to allege facts that would indicate that the agency improperly sought his resignation and exercised pressure on him to resign. ID at 14 (citing

*Barnett v. U.S. Postal Service*, [59 M.S.P.R. 125](), 128 (1993)). The appellant alleged that his supervisors falsely told him that employees under his supervision had complained that he had created a hostile work environment, that unless he stepped down as Director, an investigation would ensue, and that he was involuntarily reassigned to work for one of the supervisors who provided him with the false information and was a subject of the appellant's EEO complaint. IAF, Tab 1. These allegations, if true, would strongly indicate that the agency sought his resignation under false pretenses and improperly exercised pressure on him to resign. Only after conducting a jurisdictional hearing will the administrative judge be in a position to summarize the evidence on these disputed questions, state which version he believes, and explain in detail why he found the chosen version more credible.

¶8        Accordingly, we find that the appellant nonfrivolously alleged that his retirement was involuntary because it was either coerced or based on misinformation. Therefore, the appeal must be remanded for a jurisdictional hearing.

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.